**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| **MC INSTALLERS, LLC,** an Illinois limited liability company; **CLAY DROZEK, an individual; and ARTHUR MICHAEL DROZEK, an individual,** | ) Civil Action No.: 9:26-cv-02738-DCN ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **PALMETTO PLASTICS INNOVATIONS, LLC,** a South Carolina limited liability company, | ) ) ) ) |
| Defendant. | ) ) ) |

**COMPLAINT**

Plaintiffs MC Installers, LLC, Clay Drozek, and Arthur Michael Drozek, by and through their undersigned counsel, bring this Complaint against Defendant Palmetto Plastics Innovations, LLC, and allege as follows:

**I. PARTIES**

1. Plaintiff MC Installers, LLC ("MC Installers") is a Wisconsin limited liability company.

2. Individual Plaintiff Clay Drozek is a Member of MC Installers, LLC and is a citizen and resident of the State of Wisconsin.

3. Individual Plaintiff Arthur Michael Drozek is a Member of MC Installers, LLC and is a citizen and resident of the State of North Carolina.

4. Defendant Palmetto Plastics Innovations, LLC ("Palmetto Plastics" or "Defendant") is a South Carolina limited liability company. Upon information and belief, all members of Palmetto Plastics Innovations, LLC are citizens and residents of the State of South Carolina.

**II. JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between citizens of different states.

6. Plaintiff MC Installers, LLC is a citizen of Wisconsin for purposes of diversity jurisdiction, as that is the location of its formation, its business office and primary location for all operations. Its members, Plaintiffs Clay Drozek and Arthur Michael Drozek are citizens of Wisconsin and North Carolina respectively.

7. Defendant Palmetto Plastics Innovations, LLC is a citizen of South Carolina for purposes of diversity jurisdiction. It is a SC limited liability company, headquartered in Jasper County, SC that conducts most of its business in that location. All of its members are citizens of South Carolina. Thus, Complete diversity of citizenship exists between all Plaintiffs and Defendant.

8. Venue is proper in the United States District Court for the District of South Carolina, Beaufort Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this judicial district and division, and Defendant resides and conducts business in this district.

### III. FACTUAL ALLEGATIONS

9. On or about September 26, 2024, Plaintiff MC Installers, LLC and Defendant Palmetto Plastics Innovations, LLC entered into three written contracts. Two of the three contracts called for MC Installers to supply Palmetto Plastics with numerous industrial machines for the production of components used in the construction of water towers at a facility that Palmetto Plastics was building in Jasper County, SC.

10. For each of the equipment supply contracts Defendant was given three options: 1) to purchase new equipment; 2) to buy used equipment in as-is condition; or 3) to purchase used

equipment refurbished by MC Installers prior to taking delivery.  In each case, the Defendant opted for used equipment refurbished by MC Installers, largely motivated by cost considerations.

11.  The third contract, known as an Engineering, Procurement and Construction contract ("EPC Contract") required MC Installers to perform design consulting services for the layout of the new facility, installation services for all equipment supplied, and to subsequently provide trained technicians to oversee the operation and performance of the equipment during the term of the Contract.

12.  The EPC Contract contemplated a period of up to five (5) years for the completion of all equipment sales and related support services.

13.  Notwithstanding the five-year timeframe contemplated by the EPC Contract, MC Installers performed expeditiously and provided and installed all of the equipment required under the Contract within approximately six (6) months of its execution.

## A. Equipment Purchase Payment Terms

14.  The first of the two equipment supply contracts, both bearing the heading Used Equipment Sale Agreement pertained to machines originally manufactured by Brown Machine, LLC. Both parties performed all their obligations under that agreement.

15.  The second Used Equipment Sale Agreement contemplated the Palmetto Plastic's purchase of equipment originally manufactured by Lyle ("Lyle Equipment Contract"). The purchase price for the equipment described in the Lyle Equipment Contract was $487,331.00, as set forth in Exhibit B to the contract. The full contract is attached hereto as Exhibit 1.

16.  MC Installers fully performed its obligations under that contract.

17.  The Defendant only paid $292,398.60 of the purchase price, leaving $194,932.40 still due and owing under that contract.

## B. The EPC Contract

18.  The EPC Contract, which bears the heading Procurement Agreement and attached hereto as Exhibit 2, outlines a multi-faceted scope of work for MC Installers to perform, including but not limited to design consulting services for the construction of the Defendant's manufacturing facility, equipment installation and optimization, and finding and training qualified technicians that the Defendant could hire to operate the facility long-term.

19.  The total value of the EPC Contract was $1.15 million. That amount was broken down into installment payments as an accommodation to the Defendant. The payment terms were as follows:

    i.    Four Hundred Thousand Dollars ($400,000.00), to be paid in four (4) equal installments of One Hundred Thousand Dollars ($100,000.00) each, according to the following schedule:

        (a)    First Installment: Due upon execution of the Contract (on or about September 26, 2024);

        (b)    Second Installment: Due on December 1, 2024;

        (c)    Third Installment: Due on June 1, 2025; and

        (c)    Fourth and Final Installment: Due on January 1, 2026.

    ii.    Two (2) representatives of MC Installers, LLC — specifically, Plaintiffs Clay Drozek and Arthur Michael Drozek were each to be paid a salary of Seventy-Five Thousand Dollars ($75,000.00) per year, for a combined total annual compensation of One Hundred Fifty Thousand Dollars ($150,000.00) for the five-year term of the contract. If requested by the Defendant, Clay and Arthur Michael Drozek would be present at the facility to operate the equipment and to train technicians that they located and recommended to the Defendant to operate the facility on a permanent basis.

### C. Defendant's Breaches

20.  Upon information and belief, Palmetto Plastics Innovations, LLC experienced significant cash flow difficulties, which led to its failure to meet its contractual obligations to Plaintiffs.

21.  Despite having received delivery and complete installation of all equipment contracted for under the Contract, Defendant failed to pay the remaining balance of $194,932.40 owed under

the contract for the purchase of the Lyle equipment. Defendant failed to make the final $100,000 installment payment under the EPC Contract.

22. Palmetto Plastics did pay Clay Drozek and Arthur Michael Drozek their contractual salaries from November 28, 2025, through March 6, 2026. However, on or about March 6, 2026, Defendant ceased to pay those individuals without cause.

23. As a direct and proximate result of Defendant's breaches, Plaintiffs have suffered damages in amounts to be proven at trial, including the unpaid equipment price of $194,932.40, the $100,000.00 installment payment owed to MC Installers under the EPC Contract, and $712,500.00 in unpaid salary obligations owed to Clay Drozek and Arthur Michael Drozek individually pursuant to the EPC Contract.

### IV. CAUSES OF ACTION

#### COUNT I — BREACH OF CONTRACT
#### (Equipment Purchase — Plaintiff MC Installers, LLC)

24. Plaintiff MC Installers, LLC realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth herein.

25. The Contracts dated September 26, 2024, constitute a valid and binding agreement between Plaintiff MC Installers, LLC and Defendant Palmetto Plastics Innovations, LLC, supported by adequate consideration.

26. MC Installers, LLC fully performed its equipment-related obligations under the contracts, including procuring, delivering, and installing all contracted industrial equipment at Defendant's facility within approximately six (6) months of execution.

27. Defendant breached the EPC Contract by failing to tender the fourth and final equipment installment payment of $100,000.00, which was due and payable on January 1, 2026, and the Lyle Equipment Purchase Contract by failing to pay the remaining $194,932.40 still owing thereunder, despite having received delivery and complete installation of all equipment.

28.  As a direct and proximate result of Defendant's breach, Plaintiff MC Installers, LLC has suffered damages of $294, 932.40, plus pre- and post-judgment interest, attorneys' fees, and costs as permitted by law or the Contract.

### COUNT II — BREACH OF CONTRACT
### (Personnel Services)
### Plaintiffs Clay Drozek and Arthur Michael Drozek)

29.  Plaintiffs Clay Drozek and Arthur Michael Drozek reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth herein.

30.  The EPC Contract, dated September 26, 2024, required Defendant to place Clay Drozek and Arthur Michael Drozek salaries of $75,000.00 per year each, commencing the first day of the month following the initiation of production and continuing for the full five (5) year term of the Contract, thereby making them third-party beneficiaries of the Contract, to the extent they are not direct parties to it.

31.  Clay Drozek and Arthur Michael Drozek each fully performed their obligations under the EPC Contract by reporting to and working at Defendant's facility and providing technical oversight of the equipment operations as required.

32.  Defendant breached its obligations under the Contract by: failing and refusing to compensate Clay Drozek and Arthur Michael Drozek since on or about March 6, 2026, notwithstanding that the Contract's salary obligations continue to accrue through November 2030.

33.  As a direct and proximate result of Defendant's breach, Clay Drozek and Arthur Michael Drozek have each suffered and continue to suffer damages, including unpaid salary compensation accruing from March 6, 2026, through the remainder of the Contract term, in an aggregate amount of $712,500.00.

### COUNT III — QUANTUM MERUIT
### (Pled in the Alternative)

34. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth herein.

35. Plaintiffs plead this Count in the alternative to Counts I and II, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure, in the event that the Contract is found to be unenforceable, void, or otherwise inapplicable to some or all of the claims asserted herein.

35. MC Installers, LLC rendered valuable services and provided substantial goods to Palmetto Plastics Innovations, LLC, including the procurement, delivery, and complete installation of industrial machinery. Clay Drozek and Arthur Michael Drozek each rendered valuable personal services to Defendant by providing skilled technical oversight of the operations and performance of the equipment.

36. The goods and services provided by Plaintiffs were rendered at the specific request of, and for the direct benefit of, Defendant Palmetto Plastics Innovations, LLC.

37. Defendant accepted, retained, and made use of the equipment, installation services, and the personal services of Clay Drozek and Arthur Michael Drozek, and thereby received and enjoyed the full benefit of Plaintiffs' performance.

38. Defendant had reasonable notice that each Plaintiff expected to be compensated for the goods and services provided and accepted those goods and services with that understanding.

39. It would be unjust and inequitable to permit Defendant to retain the benefit of the equipment, installation services, and the personal services of Clay Drozek and Arthur Michael Drozek without paying each Plaintiff the reasonable value thereof.

40. The reasonable value of the goods and services conferred by Plaintiffs upon Defendant, for which Defendant has failed to provide full compensation, exceeds $75,000.00, exclusive of interest and costs, the precise amount to be determined at trial.

### COUNT IV — UNJUST ENRICHMENT
### (Pled in the Alternative)

41. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth herein.

42. Plaintiffs plead this Count in the alternative to Counts I and II, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure, in the event that the Contract is found to be unenforceable, void, or otherwise inapplicable to some or all of the claims asserted herein.

43. Defendant has been enriched by receiving the full benefit of MC Installers' industrial equipment and installation services, and the ongoing personal labor of Clay Drozek and Arthur Michael Drozek, without providing full compensation therefore.

44. Plaintiffs MC Installers, LLC, Clay Drozek, and Arthur Michael Drozek have each been correspondingly impoverished: MC Installers by delivering equipment and performing installation services without receiving full payment; Clay Drozek and Arthur Michael Drozek by rendering personal services to Defendant without receiving their full contractual compensation.

45. There is a direct connection between the enrichment of Defendant and the impoverishment of each Plaintiff, as Defendant's retention of the equipment, services, and the benefit of Clay Drozek's and Arthur Michael Drozek's labor — without full payment — has come directly at each Plaintiff's expense.

46. Defendant's enrichment is without justification. Having accepted full delivery of all equipment, utilized MC Installers' installation services, and benefited from the personal services of Clay Drozek and Arthur Michael Drozek through March 6, 2026, Defendant abruptly excluded them from its facility and ceased all further compensation, while retaining the full benefit of Plaintiffs' performance.

47. Under these circumstances, it would be unjust and inequitable to allow Defendant to retain the benefit of Plaintiffs' performance without providing full compensation. Each Plaintiff is therefore entitled to recover the value of the benefit conferred upon Defendant, in an amount to be determined at trial.

## COUNT V — BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

48. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth herein.

49. The Lyle Equipment Contract and the EPC Contract are both valid and binding agreements. Implied those contracts on tract, as in every contract under South Carolina law, are covenants of good faith and fair dealing obligating each party to act in good faith and deal fairly with the other so as not to deprive the other of the benefits of their agreements.

50. MC Installers, LLC fully performed its in good faith, delivering and installing all equipment within approximately six (6) months, well ahead of the five-year period the Contract allowed. Clay Drozek and Arthur Michael Drozek each performed their personnel services obligations in good faith by reporting to and working at Defendant's facility as required under the Contract.

51. Defendant breached the implied covenants of good faith and fair dealing by, among other things: (a) accepting the full benefit of MC Installers' accelerated and complete equipment delivery and installation performance; (b) retaining and operating all equipment delivered; (c) utilizing the personal services of Clay Drozek and Arthur Michael Drozek to establish and oversee production operations; and (d) thereafter, upon information and belief due to self-inflicted cash flow difficulties, failing to make the final equipment payment due January 1, 2026, and abruptly ceasing to compensate Clay Drozek and Arthur Michael Drozek on or about March 6, 2026, thereby depriving each Plaintiff of the material benefits of the Contract.

52. Defendant's conduct, including its exploitation of Plaintiffs' full performance while selectively refusing to honor its own reciprocal payment obligations, constitutes a breach of the implied covenant of good faith and fair dealing, causing Plaintiffs damages in the amounts set forth herein.

**COUNT VII — VIOLATION OF THE SOUTH CAROLINA PAYMENT
OF WAGES ACT (S.C. Code Ann. §§ 41-10-10 et seq.)
(Plaintiffs Clay Drozek and Arthur Michael Drozek)**

53.    Plaintiffs Clay Drozek and Arthur Michael Drozek reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth herein.

54.    The South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 et seq. (the "Wage Act"), governs the payment of wages to employees in South Carolina and requires employers to pay all wages due to employees on established pay schedules, and to pay all wages due upon termination of the employment relationship.

55.    At all times relevant hereto, Clay Drozek and Arthur Michael Drozek each performed services for Defendant Palmetto Plastics Innovations, LLC at its facility located in South Carolina. Defendant exercised control over the work performed by Clay Drozek and Arthur Michael Drozek, including by dictating the location of their services, integrating their technical oversight functions into its production operations, and ultimately controlling their access to the facility. Defendant was, at all relevant times, an "employer" of Clay Drozek and Arthur Michael Drozek within the meaning of the Wage Act, S.C. Code Ann. § 41-10-10(1).

56.    The compensation owed to Clay Drozek and Arthur Michael Drozek under the Contract — a salary of $75,000.00 per year each — constitutes "wages" within the meaning of the Wage Act, S.C. Code Ann. § 41-10-10(2), as it represents compensation promised by an employer to an employee for services rendered.

57.    Defendant paid Clay Drozek and Arthur Michael Drozek their contractual salaries from November 28, 2025, through March 6, 2026, thereby acknowledging their status as wage earners under the Wage Act.

58.    Defendant has failed and refused to pay Clay Drozek and Arthur Michael Drozek any wages since on or about March 6, 2026, in violation of S.C. Code Ann. §§ 41-10-40 and 41-10-

50. Pursuant to S.C. Code Ann. § 41-10-50, upon such termination, Defendant was obligated to pay Clay Drozek and Arthur Michael Drozek all wages due within forty-eight (48) hours of the time of separation or the next regular payday, whichever is sooner.

59. Defendant's failure to pay wages due to Clay Drozek and Arthur Michael Drozek was not the result of a bona fide dispute as to the amount of wages owed but rather was willful and without justification.

60. Pursuant to S.C. Code Ann. § 41-10-80(C), an employer who fails to pay wages in accordance with the Wage Act is liable to the employee for the full amount of the unpaid wages, plus an amount equal to three (3) times the full amount of unpaid wages as a penalty, together with reasonable attorneys' fees and costs. Clay Drozek and Arthur Michael Drozek are each entitled to recover their unpaid wages, treble damages, and attorneys' fees and costs from Defendant pursuant to the Wage Act.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MC Installers, LLC, Clay Drozek, and Arthur Michael Drozek respectfully request that this Court enter judgment in their favor and against Defendant Palmetto Plastics Innovations, LLC as follows:

A. On Count I, compensatory damages in favor of Plaintiff MC Installers, LLC in the amount of $294,932.40, representing the unpaid fourth and final installment payment under the EPC Contract and the remaining amount due under the Lyle Equipment Contract, plus pre- and post-judgment interest;

B. On Count II, compensatory damages in favor of Plaintiffs Clay Drozek and Arthur Michael Drozek, each in an amount equal to unpaid salary compensation accruing from on or about March 6, 2026, through the remainder of the Contract term ending November 2030, at the rate of $75,000.00 per year per individual, for a total of $712,500.00;

C.  Alternatively, on Counts III and/or IV, the reasonable value of the goods, services, and personal labor conferred upon Defendant by each Plaintiff for which full compensation has not been provided, in amounts to be determined at trial;

D.  On Count VI, a declaratory judgment that: (i) the Contract dated November 2025 remains valid, binding, and enforceable; (ii) Defendant is obligated to compensate Clay Drozek and Arthur Michael Drozek at $75,000.00 per year each through November 2030;

E.  On Count VII, in favor of Plaintiffs Clay Drozek and Arthur Michael Drozek: (i) the full amount of all unpaid wages due to each of them under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-80(C); (ii) a penalty equal to three (3) times the full amount of unpaid wages due to each of them pursuant to S.C. Code Ann. § 41-10-80(C); and (iii) reasonable attorneys' fees and costs pursuant to S.C. Code Ann. § 41-10-80(C);

F.  Incidental and consequential damages as a result of Plaintiffs foregoing other, more lucrative business opportunities in order to perform their obligations under the Contract;

G.  Pre-judgment and post-judgment interest at the maximum rate allowed by law;

H.  Attorneys' fees and costs to the extent permitted by law or the Contract;

I.  Such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: s/ K. Michael Barfield
K. Michael Barfield
Fed ID No.: 7954
Barnwell, Whaley, Patterson & Helms, LLC
211 King Street, Suite 300
Charleston, SC 29401
(843)577-7700
mbarfield@barnwell-whaley.com
*Attorneys for Plaintiffs MC Installers, LLC, Clay Drozek, and Arthur Michael Drozek*

July 7, 2026